E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
KATHY YU (Cal. Bar No. 268210)
Assistant United States Attorneys
Violent and Organized Crime Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2400
        E-mail:     Jeremiah.Levine@usdoj.gov
                    Kathy.Yu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 23-CR-317-FWS-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOE ROJAS |
| v. | |
| JOE ROJAS, aka "Mad Dog", | |
| Defendant. | |

1.   This constitutes the plea agreement between Joe Rojas ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Two of the

indictment in <u>United States v. Joe Rojas</u>, 23-CR-317-FWS-1, which charges defendant with Distribution of Suboxone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E).

    b.   Not contest facts agreed to in this agreement.

    c.   Abide by all agreements regarding sentencing contained in this agreement.

    d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

    3.   The USAO agrees to:

    a.   Not contest facts agreed to in this agreement.

    b.   Abide by all agreements regarding sentencing contained in this agreement.

    c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

1    Sentencing Guidelines range, the propriety and extent of any
2    departure from that range, and the sentence to be imposed.

3              d.   At the time of sentencing, provided that defendant
4    demonstrates an acceptance of responsibility for the offenses up to
5    and including the time of sentencing, recommend a two-level reduction
6    in the applicable Sentencing Guidelines offense level, pursuant to
7    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
8    additional one-level reduction if available under that section.

9                        NATURE OF THE OFFENSE

10         4.   Defendant understands that for defendant to be guilty of
11   the crime charged in Count Two, that is, Distribution of Suboxone, in
12   violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E), the following must be
13   true:

14             a.   Defendant knowingly distributed Suboxone; and

15             b.   Defendant knew that it was Suboxone or some other
16   federally controlled substance.

17                           PENALTIES

18         5.   Defendant understands that the statutory maximum sentence
19   that the Court can impose for each violation of 21 U.S.C.
20   §§ 841(a)(1), (b)(1)(E) is: 10 years' imprisonment; a lifetime period
21   of supervised release; a fine of $500,000 or twice the gross gain or
22   gross loss resulting from the offense, whichever is greatest; and a
23   mandatory special assessment of $100.

24         6.   Defendant understands that under 21 U.S.C. § 862a,
25   defendant will not be eligible for assistance under state programs
26   funded under the Social Security Act or Federal Food Stamp Act or for
27   federal food stamp program benefits, and that any such benefits or

28

assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.

1   Defendant understands that while there may be arguments that

2   defendant can raise in immigration proceedings to avoid or delay

3   removal, removal is presumptively mandatory and a virtual certainty

4   in this case.  Defendant further understands that removal and

5   immigration consequences are the subject of a separate proceeding and

6   that no one, including his attorney or the Court, can predict to an

7   absolute certainty the effect of his convictions on his immigration

8   status.  Defendant nevertheless affirms that he wants to plead guilty

9   regardless of any immigration consequences that his plea may entail,

10  even if the consequence is automatic removal from the United States.

11                          <u>FACTUAL BASIS</u>

12       10.  Defendant admits that defendant is, in fact, guilty of the

13  offenses to which defendant is agreeing to plead guilty.  Defendant

14  and the USAO agree to the statement of facts provided below and agree

15  that this statement of facts is sufficient to support a plea of

16  guilty to the charge described in this agreement and to establish the

17  Sentencing Guidelines factors set forth in paragraph 12 below but is

18  not meant to be a complete recitation of all facts relevant to the

19  underlying criminal conduct or all facts known to either party that

20  relate to that conduct.

21       On October 18, 2022, Maria Garcia called defendant.  Ronny Rojas

22  was also on the line with Garcia.  At the time, Ronny Rojas was

23  incarcerated at Los Angeles County Jail ("LACJ").  Defendant asked

24  Ronny Rojas what was going on in LACJ with the "orange shit

25  [referring to Suboxone] that everybody's taking in there?"  Defendant

26  later told Ronny Rojas that defendant would send Ronny Rojas Suboxone

27  at LACJ under the guise of mail from an attorney.  Defendant said in

28

regard to mailing the drugs, "I'm going to get your address from your mom" and to expect a package soon.

The next day, on another recorded call, defendant told Ronny Rojas that he had 15 strips of Suboxone ready to mail.  Ronny Rojas confirmed that each strip would be worth approximately $800, or $9,000-$12,000, when sold at LACJ.  Defendant confirmed that defendant had a means of receiving electronic payment.  The next day, defendant told Ronny Rojas how to attribute the sales: five strips would be sold to or for the Mexican Mafia.  Of the remaining ten strips, six would be sold for defendant and four would be sold for Ronny Rojas.

Defendant then mailed 15 strips of Suboxone to Ronny Rojas at LACJ.  Defendant disguised the suboxone by placing it in an envelope bearing the return address of a matrimonial law firm with which defendant has no relationship.

<u>SENTENCING FACTORS</u>

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2D1.1(c)(17) |
| Distribution in jail | 2 | U.S.S.G. § 2D1.1(b)(4) |
| Organizer/leader | 2 | U.S.S.G. § 3B1.1(c) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that defendant retains the right to be

1   represented by counsel -- and if necessary have the Court appoint

2   counsel -- at every other stage of the proceeding.

3         d.   The right to be presumed innocent and to have the

4   burden of proof placed on the government to prove defendant guilty

5   beyond a reasonable doubt.

6         e.   The right to confront and cross-examine witnesses

7   against defendant.

8         f.   The right to testify and to present evidence in

9   opposition to the charges, including the right to compel the

10   attendance of witnesses to testify.

11         g.   The right not to be compelled to testify, and, if

12   defendant chose not to testify or present evidence, to have that

13   choice not be used against defendant.

14         h.   Any and all rights to pursue any affirmative defenses,

15   Fourth Amendment or Fifth Amendment claims, and other pretrial

16   motions that have been filed or could be filed.

17   <u>WAIVER OF APPEAL OF CONVICTION</u>

18    16.  Defendant understands that, with the exception of an appeal

19   based on a claim that defendant's guilty plea was involuntary, by

20   pleading guilty defendant is waiving and giving up any right to

21   appeal defendant's conviction on the offense to which defendant is

22   pleading guilty.  Defendant understands that this waiver includes,

23   but is not limited to, arguments that the statute to which defendant

24   is pleading guilty is unconstitutional, and any and all claims that

25   the statement of facts provided herein is insufficient to support

26   defendant's plea of guilty.

27

28

1

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2       17.  Defendant agrees that, provided the Court imposes a total

3  term of imprisonment of no more than the high-end of the Guidelines

4  range corresponding to offense level 28, defendant gives up the right

5  to appeal all of the following: (a) the procedures and calculations

6  used to determine and impose any portion of the sentence; (b) the

7  term of imprisonment imposed by the Court; (c) the fine imposed by

8  the Court, provided it is within the statutory maximum; (d) to the

9  extent permitted by law, the constitutionality or legality of

10 defendant's sentence, provided it is within the statutory maximum;

11 (e) the term of probation or supervised release imposed by the Court,

12 provided it is within the statutory maximum; and (f) any of the

13 following conditions of probation or supervised release imposed by

14 the Court: the conditions set forth in Second Amended General Order

15 20-04 of this Court; the drug testing conditions mandated by 18

16 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

17 conditions authorized by 18 U.S.C. § 3563(b)(7).

18      18.  Defendant also gives up any right to bring a post-

19 conviction collateral attack on the convictions or sentence, except a

20 post-conviction collateral attack based on a claim of ineffective

21 assistance of counsel, a claim of newly discovered evidence, or an

22 explicitly retroactive change in the applicable Sentencing

23 Guidelines, sentencing statutes, or statutes of conviction.

24 Defendant understands that this waiver includes, but is not limited

25 to, arguments that the statute to which defendant is pleading guilty

26 is unconstitutional, and any and all claims that the statement of

27 facts provided herein is insufficient to support defendant's plea of

28 guilty.

19.  This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug or violent felony that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

21.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea

10

agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug or violent felony that was either dismissed or not filed as a result of this agreement, then:

1          a.   Defendant agrees that any applicable statute of

2    limitations is tolled between the date of defendant's signing of this

3    agreement and the filing commencing any such action.

4          b.   Defendant waives and gives up all defenses based on

5    the statute of limitations, any claim of pre-indictment delay, or any

6    speedy trial claim with respect to any such action, except to the

7    extent that such defenses existed as of the date of defendant's

8    signing this agreement.

9          c.   Defendant agrees that: (i) any statements made by

10   defendant, under oath, at the guilty plea hearing (if such a hearing

11   occurred prior to the breach); (ii) the agreed to factual basis

12   statement in this agreement; and (iii) any evidence derived from such

13   statements, shall be admissible against defendant in any such action

14   against defendant, and defendant waives and gives up any claim under

15   the United States Constitution, any statute, Rule 410 of the Federal

16   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

17   Procedure, or any other federal rule, that the statements or any

18   evidence derived from the statements should be suppressed or are

19   inadmissible.

20              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

21                              OFFICE NOT PARTIES

22        25.  Defendant understands that the Court and the United States

23   Probation and Pretrial Services Office are not parties to this

24   agreement and need not accept any of the USAO's sentencing

25   recommendations or the parties' agreements to facts or sentencing

26   factors.

27        26.  Defendant understands that both defendant and the USAO are

28   free to: (a) supplement the facts by supplying relevant information

                                    12

to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 12 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

NO ADDITIONAL AGREEMENTS

28.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          32.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   /s/ Jeremiah Levine                        3/21/24
     JEREMIAH LEVINE                            Date
11   KATHY YU
     Assistant United States Attorneys

12
                                               3-15-24
13   JOE ROJAS                                 Date
     Defendant

14
                                               3/15/24
15   JEREMY LESSEM                             Date
     Attorney for Defendant, Joe Rojas

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        3-15-24
JOE ROJAS                               _____
Defendant                               Date

16

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Joe Rojas's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

JEREMY LESSEM                                      3/15/24
Attorney for Defendant, Joe Rojas        Date

17